IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SUSANNE BECKER, | |
| Plaintiff, | 8:23CV279 |
| vs. | |
| JAMES REGEAN, Individual capacity, official capacity; | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on Plaintiff's pro se Complaint, Filing No. 1. Plaintiff, a non-prisoner proceeding pro se, has been given leave to proceed in forma pauperis. Filing No. 15. Also before the Court are Plaintiff's Motion to Appoint Counsel, Filing No. 17, and Motion captioned as a "Request for Transfer Admissions," Filing No. 18. The Court is required to conduct an initial review of in forma pauperis complaints pursuant to 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff Susanne Becker brings this action under 42 U.S.C. § 1983, against James Regan.[1] Filing No. 1 at 2. Plaintiff attached to her Complaint a document captioned a Consent and Wavier (the "Nomination Form"), signed by James Regan in his capacity as a children and families services specialist for the Nebraska Department of Health and Human Services (DHHS). Filing No. 1 at 10. In the Nomination Form, Defendant nominates Cynthia and Mark Schmidt as guardians for G.H., Plaintiff's daughter. Filing No. 1 at 10.

---

[1] Although Plaintiff spells Defendant's last name as "Regean," the Court will use the spelling "Regan" as it appears in the Consent and Wavier form, Filing No. 1 at 10, and the Journal Entry and Orders printout, Filing No. 1 at 11, both attached to Plaintiff's Complaint.

Plaintiff also attached a document filed in the County Court of Scottsbluff County, Nebraska captioned "Consent to and Nomination of Guardians" (the "Consent Form"). Filing No. 1 at 12. In the Consent Form, Plaintiff's child—G.H.—nominated and consented to Mark and Cynthia Schmidt as G.H.'s guardians. Filing No. 1 at 12. G.H. signed the Consent Form on February 2, 2023. Filing No. 1 at 12.

As best the Court can discern, Plaintiff's principal allegation is that Defendant engaged in the unauthorized practice of law when he prepared and signed the Nomination Form. See Filing No. 1 at 4, 7. Plaintiff alleges Defendant had no legal rights to prepare the document or to nominate Cynthia and Mark Schmidt for guardianship of G.H. Filing No. 1 at 8. Plaintiff alleges Defendant created a malicious prosecution against Plaintiff through his "deceitful" act of preparing the Nomination Form. Filing No. 1 at 8. Plaintiff further alleges Defendant deprived her of her right to parent G.H. Filing No. 1 at 9. Plaintiff seeks $10 million in damages for emotional harm. Filing No. 1 at 5.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual

2

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

The Court has carefully reviewed Plaintiff's Complaint, keeping in mind that complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984). Additionally, "[t]hough pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (internal citations omitted); see also Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989) ("[W]e will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded"); Cunningham v. Ray, 648 F.2d 1185, 1186 (8th Cir. 1981) ("[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law."). A complaint must state enough to "'give the defendant fair notice of

what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

Plaintiff's Complaint, even construed liberally, does not state a claim for relief. First, the Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446 47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., id.; Nevels v. Hanlon,* 656 F.2d 372, 377 78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. § 1983 that seek equitable relief from state employee defendants acting in their official capacity. Plaintiff has sued Defendant—allegedly an employee of the State of Nebraska—and seeks only monetary relief against him. To the extent she seeks to sue Defendant in his official capacity, the Eleventh Amendment bars claims for damages by private parties against employees of a state sued in their official capacities.

Additionally, to the extent Plaintiff alleges she is suing Defendant because Defendant made false statements in the Nomination Form, the doctrine of absolute witness immunity applies. *See Thomason v. SCAN Volunteer Servs., Inc.*, 85 F.3d 1365, 1373 (8th Cir. 1996) (absolute witness immunity applied to arguably false statements made by case worker in her affidavit in her role as witness before state court in ex parte proceedings that led to award of temporary protective custody of child to the state);

4

*Williams v. Nebraska*, No. 8:19CV484, 2020 WL 1914931, at *2 (D. Neb. Apr. 20, 2020) (absolute immunity would prevent due process claim that CPS caseworker prepared a false affidavit); *Lopez v. Kelly*, No. 8:16CV98, 2016 WL 3172749, at *2 (D. Neb. June 6, 2016) (dismissing complaint alleging the CPS caseworker prepared false affidavit); *Hawley v. Nelson*, 968 F. Supp. 1372, 1392 (E.D. Mo. 1997) (juvenile officer protected by absolute immunity afforded to witnesses for allegedly filing false allegations of child abuse with county attorney and providing false information to juvenile court that resulted in issuance of detention order for plaintiffs' son), *aff'd*, 141 F.3d 1168 (8th Cir. 1998). Thus, even if Plaintiff alleges Defendant made false statements in the Nomination Form, such statements were made in Defendant's role as a witness before the state court and are protected by absolute immunity.

Finally, the Complaint—even construed liberally—does not comply with the general rules of pleading. In assessing whether a complaint contains sufficient facts, the Court may disregard legal conclusions that are stated as factual allegations. *See Iqbal*, 556 U.S. at 678. Further, even though pro se complaints are construed liberally, they still must allege sufficient facts to support the claims asserted. *See* Harry, 364 F.3d at 914. Plaintiff's allegations are predominantly legal conclusions about Defendant's alleged deception and fraud against G.H., the Scottsbluff County Court, and Plaintiff herself. However, the Complaint provides few facts to support these allegations. Nowhere in the Nomination Form itself does Defendant represent himself as an attorney. The Nomination Form specifies that he made the nomination in his capacity as a children and families services specialist with DHHS. *See* Filing No. 1 at 10. Though Plaintiff concludes Defendant's actions were deceitful and fraudulent, her allegations lack any explanation

5

to support this assertion. *See* Fed. R. Civ. P. 9(b) (requiring that a party alleging fraud "must state with particularity the circumstances constituting fraud."). Plaintiff's conclusory allegations fall short of giving notice of the grounds for her claim and are not entitled to an assumption of truth. Accordingly, Plaintiff's Complaint is subject to dismissal.

## V. MOTION TO APPOINT COUNSEL

There is no constitutional or statutory right to appointed counsel in a civil case. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 Fed. Appx. 3, 4 (8th Cir. 2021) (unpublished) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)); *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). Having carefully considered the record, the Court will not appoint counsel at this time.

## V. "REQUEST TO TRANSFER ADMISSIONS"

Plaintiff's Motion, captioned as a "Request to Transfer Admissions," is largely indiscernible. Plaintiff submitted the Motion in numerous pending cases before the Court, but fails to specify how it is relevant to the present case. Although the Motion asserts Plaintiff is entitled to "reinstatement," it does not identify the nature of the reinstatement or provide a legal basis for seeking relief. Even construed liberally, the Motion lacks a coherent statement of the relief sought and is therefore denied.

## V. CONCLUSION

Plaintiff's Complaint does not allege sufficient facts to state a plausible claim. Thus, no claim is stated upon which relief may be granted. Consequently, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. § 1915(e). However, out of an abundance of caution, the Court on its own motion will give Plaintiff an opportunity to allege sufficient facts to state an actionable claim for relief.

IT IS THEREFORE ORDERED:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff. In the amended complaint, Plaintiff must comply with federal pleading requirements.

2. In the event Plaintiff files an amended complaint, Plaintiff shall restate the relevant allegations of the Complaint, Filing No. 1, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, her prior pleadings.

3. The Court reserves the right to conduct further review of Plaintiff's claims in the event she files an amended complaint.

4. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **January 12, 2024**—amended complaint due.

5. Plaintiff's Motion to Appoint Counsel, Filing No. 17, is denied.

6. Plaintiff's Motion captioned as a "Request for Transfer Admissions," Filing No. 18, is denied.

Dated this 12th day of December, 2023.

        BY THE COURT:

        */s/ Joseph F. Bataillon*
        Joseph F. Bataillon
        Senior United States District Judge